Glendenning *vs.* Ansley & Company.

WILLIAM GLENDENNING, administrator, plaintiff in error, *vs.* JESSE A. ANSLEY & COMPANY, defendants in error.

1. Where, to a *scire facias* against an administrator to revive a dormant judgment against his intestate, the administrator offered to plead *plene administravit*, but the presiding judge announced that this was unnecessary, as the effect of the proceeding would be simply to revive the dormant judgment, and have no effect upon the administrator, and a judgment was taken accordingly:

*Held,* that equity will, on such proof being made, restrain the plaintiff from using such judgment of revival as evidence of assets in the hands of the administrator, so as to charge him with a *devastavit* for failing to pay it, in a suit on the administration bond, and this on the ground that the defendant acted under a mistake, being misled by the presiding judge.

2. The superior court has jurisdiction to revive 'a dormant judgment of the old inferior court. Under the act of 1866, and under the constitution of 1868, the superior court is the successor of said inferior court as a court for the trial of civil causes.

*Scire facias.* Administrators and executors. Injunction. Judgments. Superior court. Inferior court. Before Judge POTTLE. Richmond Superior Court. October Term, 1873.

Glendenning, as administrator upon the estate of Jerry Reed, deceased, filed his bill against Ansley & Company, making, in brief, the following case: In the year 1867 he was appointed administrator upon the estate of Reed, deceased, and immediately took possession of the assets thereof. The estate was wholly unable to meet its liabilities. He has paid out all assets which have come to his hands in strict conformity to law, yet there are still a number of outstanding claims. The defendants commenced proceedings by *scire facias* to the January term, 1870, of Richmond superior court, to revive a judgment against his intestate, obtained at the January term, 1861, of the inferior court of said county, for $1,178 58. Complainant demurred to this proceeding, upon the ground that the *scire facias* was not signed by the clerk of the court in which the judgment was rendered. The demurrer was overruled, and it was ordered by the court "that the plaintiffs

do have their judgment revived, and that they recover from William Glendenning, as administrator of Jerry Reed, surviving partner of the firm of Richmond & Reed, the sum of $1,178 58, principal, $68 93, interest to June 3d, 1861, the date of said former judgment, with interest from said day on the principal until paid, $12 92 costs on the former judgment, with the costs of this proceeding, and that execution issue accordingly." At the time of entering this judgment, complainant claimed the right to put in a plea of *plene administravit* if the effect of such judgment was not merely a revival of a dormant judgment, but also to have the force of a new and original judgment binding complainant personally, if no assets of the intestate could be found. But the presiding judge held that said judgment was binding only against the administrator in his representative character, and that, therefore, such proceeding was unnecessary. Subsequently, execution was issued against complainant, as administrator, and levied upon property supposed to belong to his intestate, to which he filed his affidavit of illegality setting up the facts aforesaid. Upon which Judge Gibson passed the following order: "The affidavit of illegality is, upon demurrer of plaintiff's attorney, dismissed, as the execution has, in my opinion, been properly issued, and is proceeding regularly. In my opinion, the effect of the order of revival is to establish the judgment against the estate of Reed, and binds the administrator in his representative character only. Let the execution proceed." Subsequently, a return was made by the sheriff that there was no property belonging to the estate of Reed to be found. Thereupon, on February 1st, 1873, defendants commenced suit on the bond of complainant, returnable to the next April term of the court. He asks for discovery, and prays that the suit aforesaid be enjoined.

It was subsequently agreed that the application for injunction should stand over until the hearing on the merits, when, if the writ was refused, defendants should be entitled to their judgment in the action of debt.

Upon demurrer, the bill was dismissed, and complainant excepted.

Judgment was then allowed in the common law suit, to which complainant also excepted.

Error is assigned upon each of the aforesaid grounds of exception.

H. W. Hilliard; H. Clay Foster, for plaintiff in error.

Frank H. Miller, for defendants.

McCay, Judge.

1. It is very clear to us that a judgment on a *sci. fa.* to revive a judgment against an administrator is conclusive of assets, and that he might plead in bar of the revival *plene administravit.* The revived judgment is against him as administrator, and to be levied as other judgments against him as such administrator. If he has no assets, there is no reason for the revival. At common law, the only way to make an administrator or executor liable, personally, on a judgment against his intestate was to make him a party by *sci. fa.* Otherwise, the action of debt, suggesting a *devastavit,* would lie for want of privity—he was no party to the judgment: See Williams on Executors, 1700; 2 Lord Raymond, 972; 1 Saunders' Reports, 219. Such being the law, and the parties having been, as the bill states, misled by the judge, as to the effect of the judgment, we think there was error in the judgment sustaining the demurrer. As the bill states, the administrator offered to plead *plene administravit.* This plea was overruled as not a proper plea to the proceeding. This is presumed to be on the motion of the plaintiff in *sci. fa.* Can he meet the defendant by such a motion—take advantage of the judgment and then repudiate it? In conscience and equity, to permit him to do this would be to permit him to commit a fraud—to get an unconscientious advantage by repudiating his own action. Is this not a case falling within section 3129 of the Code? Is not this a defense that the

party was prevented from making, by fraud or accident, or the act of the adverse party without any fraud or negligence on his part.    Had he not a right to rely on the statement of the court that he would not permit a judgment which would injure him by his failure to plead *plene administravit.*    Whilst we feel the importance of maintaining, in its integrity, the rule that judgments are conclusive, yet we think it error if the judge or chancellor does not take care that so clear a case of surprise as this shall not hurt.

2. We held, in the case of *Rutherford vs. Crawford,* at this term, that the two acts of 1866, pamphlet 1865 and 1866, pages 22, 71, transferred to the county court all judicial matter of the old inferior court; that under the words suits on the docket (civil cases in the title,) was included all unsatisfied and unperformed judgments.   The constitution of 1868 transferred to the superior court all the books, papers and proceedings, of the county courts, and the unfinished business thereof: Const. 1868, art. XI., sec. 7.    In view of the fact that both the inferior and county courts were abolished, we think these provisions should be liberally construed, so as to prevent a failure of justice, and our judgment is that whenever it is necessary for the purposes of justice to take any action by either party in relation to any of the judgments of said courts, the superior court, having, as it has, custody of the records, may do what either of those courts might have done in the premises.

Judgment reversed.